UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:

IKON WEAPONS, LLC,

    Debtor.

CASE NO.: 22-10507
CHAPTER 11

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:

IKON WEAPONS, LLC,

    Debtor.

CASE NO. 22-10507
CHAPTER 11

PALMETTO STATE ARMORY, LLC,

    Plaintiff,

vs.

IKON WEAPONS, LLC,

    Defendant.

ADV. PROC. NO.: 22-02021

---

### MOTION FOR PROTECTIVE ORDER FOR CPA ROBERT D. BIESECKER AND TURLINGTON AND COMPANY, LLP, TO PROVIDE SWORN TESTIMONY PURSUANT TO SUBPOENA AND PRODUCE DOCUMENTS SECURED FROM DEBTOR, IKON WEAPONS, LLC, AND/OR SULIBAN E. DEAZA, INDIVIDUALLY OR AS THE MANAGING MEMBER AND CHIEF EXECUTIVE OFFICER OF DEBTOR

NOW COMES Palmetto State Armory, LLC ("PSA") moves the Court pursuant to Rule 9016(d)(2) and (3) of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure for an order authorizing the Debtor's accounting firm and accountant, namely, Turlington and Company, LLP ("Turlington") and CPA Robert D. Biesecker ("Mr. Biesecker"), to fully respond to PSA's Subpoena for the Production of Documents, and the provision of sworn

1

testimony by deposition, a copy of same being attached hereto and incorporated herein by this reference. In support of this motion, the Debtor would show the Court the following:

## JURISDICTION

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, and the "Referral Order" entered by the Chief United States District Court Judge for the Middle District of North Carolina. The Court also has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151 and 157(b) in that it is a "core proceeding."

2. No previous request for the relief requested herein has been made to this Court or any other Court.

## BACKGROUND

3. CPA Robert D. Biesecker and Turlington and Company, LLP, prepared and filed Debtor's federal and state tax returns for calendar year 2021 on or about December 19, 2022. A copy of that tax return has been previously provided to the Court and the parties in the above-captioned case by the Debtor.

4. PSA is informed and believes that Mr. Biesecker and Turlington also prepared tax returns for the Debtor as well as personal tax return for the Debtor's managing member and Chief Executive, Mr. Suliban E. Deaza, for previous years in addition to the returns for 2021. PSA is further informed and believes that business records and other documents were provided to Turlington and Mr. Biesecker in order for them to prepare and file the 2021 tax returns, as well as certain previous tax returns, in an effort to comply with federal and state tax laws and regulations.

5. As part of its due diligence and discovery efforts in the above-captioned cases, PSA served Mr. Biesecker and Turlington with a subpoena requesting the production of documents identified in the subpoena and further requesting that Mr. Biesecker, for

himself individually as well as the representative of Turlington, to provide sworn testimony in the form of a deposition. The subpoena is attached hereto as Exhibit A.

6. After service of the subpoena, counsel for Mr. Biesecker and Turlington contacted counsel for PSA and expressed concern that compliance with the subpoena, without the protection of an order of this Court, may place Mr. Biesecker and Turlington at risk of violating the rules of professional conduct for accountants. Specifically, as the attached emails from counsel state (attached as Exhibit B), Mr. Biesecker and Turlington respectfully request an order that would permit their compliance with the subpoena so as to avoid any assertion that they have potentially violated Section 21 NCAC 08N.0205 of the North Carolina Code. A copy of said section is attached hereto as Exhibit C.

7. PSA has conferred with counsel for Debtor, and Debtor and its Chief Executive and managing member do not object to the issuance of the requested protective order.

**WHEREFORE**, PSA respectfully requests that the Court enter a protective order directing CPA Robert D. Biesecker and Turlington and Company, LLP, to fully respond to the attached subpoena by producing documents in their possession or control that were provided to them by Debtor and/or Mr. Suliban E. Deaza, individually or as managing member and Chief Executive of Debtor, or any other documents within their possession or control and secured during their provision of services to Debtor and Mr. Suliban E. Deaza and to provide sworn testimony via deposition concerning said documents, their services, and their advice and communications to, from, and with Debtor and Mr. Deaza individually and as managing member and Chief Executive of Debtor.

**HUTCHENS LAW FIRM LLP**

/s/ William Walt Pettit
William Walt Pettit
N.C. Bar No. 9407
6230 Fairview Road, Suite 315
Charlotte, N.C. 28210
Telephone: (704) 362-9255
Telecopier: (704) 362-9268
Email: walt.pettit@hutchenslawfirm.com

*Counsel for Palmetto State Armory, LLC*

**WILLOUGHBY & HOEFER, P.A.**

s/Mitchell Willoughby
Mitchell Willoughby
S.C. Bar No. 6161
930 Richland Street (29201)
Post Office Box 8416
Columbia, SC 29202-8416
(803) 252-3300
mwilloughby@willoughbyhoefer.com

*\*Pro hac vice* admission

*Counsel for Palmetto State Armory, LLC*

January 27, 2023
Columbia, South Carolina

# EXHIBIT A

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of _____North Carolina_____

In re IKON WEAPONS, LLC
_____
Debtor

Case No. __22-10507__

*(Complete if issued in an adversary proceeding)*

Chapter _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Robert D. Biesecker, Jr., CPA, Turlington and Company, LLP
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Hutchens Law Firm, LLP, 6320 Fairview Road, Suite 315, Charlotte, NC 28210 | 01/09/23   10:00 am |

The deposition will be recorded by this method:
Before a certified court reporter or other qualified officer and will be stenographically recorded and/or videotaped.

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment A. Please produce electronic copies of all requested documents on or before Thursday, January 5, 2023.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/22/2022

CLERK OF COURT

_____   OR   _____/s/ Mitchell Willoughby/_____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Palmetto State Armory, LLC_____, who issues or requests this subpoena, are:
Mitchell Willoughby, 930 Richland Street, Columbia, SC 29202, (803) 252-3300, mwilloughby@willoughbyhoefer.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A TO SUBPOENA

Robert D. Biesecker, Jr., CPA, Turlington and Company, LLP is directed to produce the following:

### INSTRUCTIONS

- When the below requests refer to or identify any corporate or organizational entity herein, it shall also include such corporate or organizational entity's officers, employees, agents, representatives, or any other person acting on its behalf.

- You are instructed to produce all documents, communications, agreements or other materials in possession, custody or control in response the below requests. Without limitation on the term "control" in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

- For any document or communication responsive to this list which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document or communication by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document or communication, including the location of such document or communication when last in the possession, custody, or control of Ikon and/or Suliban E. Deaza, and the date and manner of its disposition.

### DEFINITIONS

- "Communication" means any disclosure, transfer, or exchange of information or opinion, however made, including, without limitation, letter, facsimile, memoranda, email, text messaging, WhatsApp or Signal messages, or any other kind of written, digital, or electronic correspondence.

- "Document" shall mean means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes, but is not limited to, agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; invoices; receipts; microfilm; microfiche; tape or disc recordings; computer print-outs; and bank account statement and records.

The term "document" also includes electronically stored information or materials, including without limitation, information stored in or accessible through computers, mobile phones, tablets, USB drives, or other electronic devices or information retrieval systems. This includes, but is not limited to, emails, text messages, Microsoft Word ("MS") documents, MS PowerPoint slides, MS Excel worksheets, and Adobe Acrobat PDF files.

The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original.

- "You" or "your" shall mean Robert D. Biesecker, Jr., CPA, Turlington and Company, LLP and/or its/his employees, agents, representatives, officers, members, or any other persons acting on its/his behalf.

- All other terms used herein shall be given their plain and ordinary meaning.

**DOCUMENTS TO BE PRODUCED**

You are directed to produce the following:

1. All documents sent to you by Ikon Weapons, LLC and/or Mr. Suliban E. Deaza for purposes of drafting, preparing, completing and/or filing federal and state tax returns for Ikon Weapons, LLC for Tax Year 2021.

2. All documents relied on by you to draft, prepare, complete, and/or file federal and state tax returns for Ikon Weapons, LLC for Tax Year 2021.

3. All communications between you and Ikon Weapons, LLC and/or Mr. Suliban E. Deaza in any way relating to the drafting, preparing, completing, and/or filing federal and state tax returns for Ikon Weapons, LLC for Tax Year 2021.

4. All communications between you and Ikon Weapons, LLC and/or Mr. Suliban E. Deaza in any way relating to loans, payments, distributions, or compensation from Ikon Weapons, LLC to Mr. Suliban E. Deaza in Tax Year 2021.

5. To the extent not produced in response to the proceeding requests, your complete tax file for Ikon Weapons, LLC for Tax Year 2021, including, without limitation, all client-provided records, accountant-prepared records, accountant work product, and accountant working papers.

6. Your complete tax file for Ikon Weapons, LLC for Tax Years 2018, 2019, and 2020, including, without limitation, including, without limitation, all client-provided records,

accountant-prepared records, accountant work product, accountant working papers, and all documents relied on by you to draft, prepare, complete, and/or file federal and state tax returns for Ikon Weapons, LLC for the aforesaid tax years.

## GENERAL SCOPE OF EXAMINATION

For purposes of helping you prepare, we intend to inquire into the following topics and subject matters at the deposition:

1. Documents you relied on, reviewed, or created to draft, prepare, complete, and/or file the Tax Year 2021 federal and state tax returns for Ikon Weapons, LLC.

2. Precisely how you calculated the various figures recited in the Tax Year 2021 federal and state tax returns for Ikon Weapons, LLC.

3. Your communications with Mr. Suliban E. Deaza relating to the drafting, preparation, completion and/or filing of the state and federal tax returns for Ikon Weapons, LLC for Tax Year 2021.

4. Your communications with Mr. Suliban E. Deaza relating to any loan, distribution, payment, or other compensation from Ikon Weapons, LLC to Mr. Suliban E. Deaza during Tax Year 2021.

5. Your communications with Mr. Suliban E. Deaza relating to any potential tax liabilities in connection with the business, sales, earnings, or profits of Ikon Weapons, LLC in Tax Year 2021.

6. Gross receipts/sales, cost of goods sold, and profits/losses for Tax Year 2018, 2019, and 2020 state and federal tax returns that you prepared for Ikon Weapons, LLC.

# EXHIBIT B

| | |
|---|---|
| **From:** | Mitchell Willoughby |
| **To:** | Ryan McNeill |
| **Cc:** | Pettit Walt (Walt.Pettit@hutchenslawfirm.com); Andrew D"Antoni |
| **Subject:** | RE: Ikon Weapons, LLC |
| **Date:** | Thursday, January 05, 2023 11:53:54 AM |
| **Attachments:** | image003.png |
| | image004.png |

Ryan,

Thank you for your email, and for coordinating with us regarding the scheduling of both the production of documents and the timing of Mr. Biesecker's deposition. We have not yet but will confer with Ikon Weapons' bankruptcy attorney about the consent order that you reference. In the meantime, we will agree to continue the date for producing documents from today, January 5, 2023, to a later date, and I would ask you to collect the records for a projected production on or before January 16, 2023 assuming we have the requested order before then, and we will agree to also continue the deposition from the currently scheduled date of Monday, January 9, 2023, to a later date and I would ask you and Mr. Biesecker to continue to reserve Tuesday, January 31, 2023 for his deposition. Please do not hesitate to contact me if there are any questions or concerns regarding the continuances and proposed rescheduled dates. Thank you and with warmest regards,

Mitch



Mitchell Willoughby, Esquire
**WILLOUGHBY & HOEFER, P.A.**
930 Richland Street (29201)
P.O. Box 8416
Columbia, SC 29202
(o) 803.252.3300 | (d) 803.771.2121
mwilloughby@willoughbyhoefer.com

**From:** Ryan McNeill <rmcneill@bwspllc.com>
**Sent:** Tuesday, January 3, 2023 2:45 PM
**To:** Mitchell Willoughby <mwilloughby@willoughbyhoefer.com>
**Cc:** Pettit Walt (Walt.Pettit@hutchenslawfirm.com) <walt.pettit@hutchenslawfirm.com>; Andrew D'Antoni <adantoni@willoughbyhoefer.com>
**Subject:** RE: Ikon Weapons, LLC

You don't often get email from rmcneill@bwspllc.com. Learn why this is important

Mitch,

My client was served with the subpoena today. Just wanted to confirm that you are working on obtaining the court order in this matter and that he will not need to provide the documents by 1/5 or be present on 1/9. I don't have a particular form or order to be used although it would be preferable that it referenced 21 NCAC 08N.0205 and that it refer both to the production of those

documents and his giving of testimony for the deposition.

## Ryan V. McNeill

**Attorney**
10 LSB PLAZA
P.O. Box 1657
Lexington, North Carolina  27293-1657
Telephone:  (336) 249-2101
Fax:  (336) 249-4572
Email: rmcneill@bwspllc.com
Website:  www.brinkleywalserstoner.com

Greensboro Location:  First Citizens Bank Building
620 Green Valley Road, Suite 306
Greensboro, North Carolina  27408
Telephone:  (336) 235-2941

**From:** Mitchell Willoughby <mwilloughby@willoughbyhoefer.com>
**Sent:** Sunday, January 1, 2023 3:22 PM
**To:** Ryan McNeill <rmcneill@bwspllc.com>
**Cc:** Pettit Walt (Walt.Pettit@hutchenslawfirm.com) <walt.pettit@hutchenslawfirm.com>; Andrew D'Antoni <adantoni@willoughbyhoefer.com>
**Subject:** RE: Ikon Weapons, LLC

Good afternoon, Mr. McNeill,

    Happy New Year to you, your family, and your colleagues.

    Thank you for your email below. I have reviewed the regulation that you cite and understand your request for a court order.  We will confer with bankruptcy counsel for Ikon Weapons as soon as possible and will seek to secure an order from the Bankruptcy Court for Mr. Biesecker and Turlington & Company to produce all of the records in their files provided by Mr. Deaza and/or Ikon Weapons and any work papers developed or research conducted in providing advice and services and to testify about the documents/records and its services in a deposition.  If you have the form of an order that you prefer to use in matters like the current one, please share same with us for our review and use as may be appropriate.

    As to scheduling, thank you for providing dates in January that Mr. Biesecker would be available for his deposition.  Since the proceedings in bankruptcy are moving at a rapid pace, we will most likely need to use one of those January dates.  After we confer with Ikon's bankruptcy counsel, I will contact you again with the plans for moving forward.  In the meantime, please do not hesitate to contact me at this email or on my mobile phone of 803-730-3550, if you wish to confer.  Thank you and with warmest regards,

Mitch



Mitchell Willoughby, Esquire
**Willoughby & Hoefer, P.A.**
930 Richland Street (29201)
P.O. Box 8416
Columbia, SC 29202
(o) 803.252.3300 | (d) 803.771.2121
mwilloughby@willoughbyhoefer.com

**From:** Ryan McNeill <rmcneill@bwspllc.com>
**Sent:** Friday, December 30, 2022 10:38 AM
**To:** Mitchell Willoughby <mwilloughby@willoughbyhoefer.com>
**Subject:** Ikon Weapons, LLC

You don't often get email from rmcneill@bwspllc.com. Learn why this is important

**From:** Ryan McNeill
**Sent:** Friday, December 30, 2022 10:36 AM
**To:** 'mwilloughby@willougbyhoefer.com' <mwilloughby@willougbyhoefer.com>
**Subject:** Ikon Weapons, LLC

Mr. Willoughby:

    Bob Biesecker sent me the subpoena request you sent on December 22 by fax and email. The NC CPA ethics rules (21 NCAC 08N.0205) are similar to the ethics rules for attorneys in that they don't allow for disclosure of client confidentiality except in particular circumstances. One such circumstance is a subpoena, but only if submitted by the NC CPA Board, or by Court order. I've asked Bob to reach out to the client to see if there would be permissive disclosure by the client, but if there is not then what we typically ask is that you obtain a Court or consent order in advance for the disclosure, which should be pretty straightforward. Bob's got January pretty full with client travel obligations and he said mid-February would be ideal for him for the deposition. He did give me some specific dates in January that would work for him if mid-February is not available which are January 20, January 23 and January 31.



**Ryan V. McNeill**
*Attorney*

10 LSB PLAZA
P.O. Box 1657
Lexington, North Carolina  27293-1657
Telephone:  (336) 249-2101
Fax:  (336) 249-4572
Email: rmcneill@bwspllc.com
Website:  https://link.edgepilot.com/s/f003c364/qNg5jwI7SE6nzBQn3JBJJQ?u=http://www.brinkleywalserstoner.com/

Greensboro Location:  First Citizens Bank Building
620 Green Valley Road, Suite 306
Greensboro, North Carolina  27408
Telephone:  (336) 235-2941



IRS CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or communication (or in any attachment).

CONFIDENTIALITY NOTICE:  The information contained in this electronic mail is legally privileged and confidential information intended only for the use of the individual or entity to which it is addressed.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please delete it and notify us immediately.  Thank you.

# EXHIBIT C

## 21 NCAC 08N .0205. CONFIDENTIALITY

*Latest version.*

- (a) Nondisclosure. A CPA shall not disclose any confidential information obtained in the course of employment or a professional engagement except with the consent of the employer or client.
  
  (b) Exceptions. This Rule shall not be construed:
  - (1) to relieve a CPA of any report obligations pertaining to Section .0400 of this Subchapter; or
  - (2) to affect in any way the CPA's compliance with a validly issued subpoena or summons enforceable by this Board or by order of a court; or
  - (3) to preclude the CPA from responding to any inquiry made by the AICPA Ethics Division or Trial Board, by a duly constituted investigative or disciplinary body of a state CPA society, or under state statutes; or
  - (4) to preclude the disclosure of confidential client information necessary for the peer review process or for any quality review program; or
  - (5) to preclude the CPA from assisting the Board in enforcing the accountancy statutes and rules; or
  - (6) to affect a CPA's disclosure of confidential information to state or federal authorities when the CPA concludes in good faith based upon professional judgment that a crime is being or is likely to be committed; or
  - (7) to affect a CPA's disclosure of confidential information when such disclosure is required by state or federal laws or regulations.

http://ncrules.elaws.us/code/21ncac08n.0205

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE:<br><br>IKON WEAPONS, LLC,<br><br>Debtor. | CASE NO.: 22-10507<br>CHAPTER 11 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE:<br><br>IKON WEAPONS, LLC,<br><br>Debtor. | CASE NO. 22-10507<br>CHAPTER 11 |
| PALMETTO STATE ARMORY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>IKON WEAPONS, LLC,<br><br>Defendant. | ADV. PROC. NO.: 22-02021 |

**CERTIFICATE OF SERVICE**

    I, Mitchell Willoughby, as attorney of record for Palmetto State Armory, LLC, hereby certify that on the 27th day of January, 2023, I served a copy of the Motion For Protective Order For CPA Robert D. Biesecker and Turlington and Company, LLP, To Provide Sworn Testimony Pursuant to Subpoena and Produce Documents Secured From Debtor, Ikon Weapons, LLC, and/or Suliban E. Deaza, Individually or as the Managing Member and Chief Executive Officer of Debtor by either electronic notice in accordance with the local rules or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

Ikon Weapons, LLC
234 Liberty Hill Church Rd
Mount Gilead, NC 27306

John C. Woodman, Esq.
Essex Richards
(by ECF service)

Ashley S. Rusher, Esq.
Subchapter V Trustee
(by ECF service)

William P. Miller, Esq.
U.S. Bankruptcy Administrator's Office
(by ECF service)

5

Ryan V. McNeill, Esq.
10 LSB Plaza
P.O. Box 1657
Lexington, NC 27293-1657

        HUTCHENS LAW FIRM LLP
        Attorneys for Palmetto State Armory, LLC

By: /s/ William Walt Pettit
    William Walt Pettit
    N.C. Bar No. 9407
    6230 Fairview Road, Suite 315
    Charlotte, N.C. 28210
    Telephone: (704) 362-9255
    Telecopier: (704) 362-9268
    Email: walt.pettit@hutchenslawfirm.com